IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFREDO MESTRE, JR.** | : | CIVIL ACTION |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN GEORGE A. WAGNER** | : | NO. 11-2480 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                **January 31, 2012**

Alfredo Mestre filed this *pro se* action[1] under 42 U.S.C. § 1983, alleging that George Wagner, Warden at Berks County Jail System, violated his Eighth Amendment right to be free from cruel and unusual punishment by restricting his diet to nutri-loaf and withholding his mattress during day-time hours to discipline him for attempting suicide. Mestre seeks injunctive relief,[2] and compensatory and punitive damages.

Wagner has moved to dismiss the complaint, arguing that dietary and day-time mattress restrictions do not constitute cruel and unusual punishment. Additionally, he contends that Mestre has not alleged any facts that he had personal involvement in the restrictions about which he complains.[3]

---

[1] This action is one of three Mestre has filed in this court alleging constitutional violations while he had been incarcerated in the Berks County Jail System. In *Mestre v. Wagner*, C.A. No. 11-2191, he claims his being required to eat his meals in his cell violated the Eighth Amendment's ban on cruel and unusual punishment. In *Mestre v. Wagner*, C.A. No. 10-7141, he complains that serving him food containing meat and animal by-products violated his religious beliefs.

[2] Since the filing of his complaint, Mestre has been transferred to SCI-Camp Hill. Accordingly, his demand for injunctive relief is moot. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." (citation omitted)); *Young v. Beard*, No. 10-284, 2011 WL 6372783, at *2 (W.D. Pa. Nov. 28, 2011) ("In the context of prisoner litigation, it is well established that a prisoner-plaintiff's transfer to another institution moots a request for injunctive relief." (citation omitted)).

[3] On August 10, 2011, we granted Mestre an extension of time until September 8, 2011 to respond to the motion to dismiss. Mestre failed to do so until October 11, 2011.

## Background

As alleged in the complaint, which we read liberally in light of Mestre's *pro se* status, Mestre was cited for misconduct and placed in restrictive housing. During his 40 days there, his diet was restricted to nutri-loaf three times a day, five days a week. As a result, Mestre alleges he lost twenty-five pounds. He was also placed on mattress restriction for 13 days, during which time his mattress was removed from his cell from 6:00 a.m. until 9:00 p.m. daily. He claims that the lack of a mattress caused him severe pain and aggravated an existing back condition.

## Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).

A complaint is subject to dismissal if the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). We may also consider documents attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we have accepted the facts as they appear in Mestre's complaint as true and have drawn all possible inferences from these facts in his favor.

## Discussion

Nothing in the complaint identifies Mestre as a pretrial detainee or a convicted prisoner while housed at the Berks County Jail System. In his response to the motion to dismiss, he discusses opinions analyzing convicted prisoners' Eighth Amendment claims and pretrial detainees' Fourteenth Amendment challenges to the conditions of their confinement.[4]

If Mestre was a pretrial detainee, his conditions of confinement claim is analyzed under the Fourteenth Amendment Due Process Clause. *Hubbard v. Taylor*, 399 F.3d 150, 157-58 (3d Cir. 2005) ("*Hubbard I*"). On the other hand, if he was a convicted prisoner, his

---

[4] Wagner incorrectly argues that pretrial detainees are entitled to the same level of protection under the Fourteenth Amendment as convicted prisoners under the Eighth Amendment. As the Third Circuit clarified in *Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005), pretrial detainees are afforded greater protections under the Fourteenth Amendment than those given to convicted prisoners under the Eighth Amendment. *Id.* at 167 n.23.

claim is reviewed under the Eighth Amendment's prohibition on cruel and unusual punishment. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Because Mestre is a *pro se* prisoner and without requiring him to amend his complaint to allege his custody status, we shall analyze his claim under both the Eighth and Fourteenth Amendments.

*Eighth Amendment*

The Eighth Amendment proscribes the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Prison conditions are cruel and unusual if they deprive inmates of basic human needs and life's necessities. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417-18 (3d Cir. 2000). The test is whether the conditions, together or alone, function to deprive the inmate "of the minimal civilized measures of life's necessities." *Id.*

To state a claim challenging conditions of confinement, an inmate must allege facts that would, if proven, establish that both the deprivation was objectively serious and that a prison official had a sufficiently culpable state of mind, that is, acted with deliberate indifference. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Whether the harm is objectively serious is measured by society's view of the risk, that is, "whether 'it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 257 (3d Cir. 2010) (emphasis omitted) (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). Restrictive or harsh conditions are part of prison life. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Only conditions that deprive the prisoner of one of life's necessities, such as food, water, clothing, shelter, and medical care are unconstitutional. *Griffin v. Vaughn,* 112

F.3d 703, 709 (3d Cir. 1997). Thus, unless the condition is objectively serious, there is no unconstitutional deprivation.

A prisoner must also allege facts, not conclusions, showing that a prison official acted with deliberate indifference to his health or safety. *Beers-Capitol,* 256 F.3d at 125. The prison official must actually have known or been aware that the condition created an excessive risk to the prisoner's health or safety. *Id.* Actual, not constructive, knowledge is required. A prison official can only be liable under the Eighth Amendment if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 131 (quoting *Farmer*, 511 U.S. at 837). It is not enough that he should have known. *Id.* at 133.

Mestre has not alleged facts that, if proven, state a cause of action under the Eighth Amendment. His allegations do not make out an objectively serious deprivation or a culpable state of mind. Prisons must provide nutritionally adequate food. *Laufgaus v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008). A prisoner's diet must be adequate to maintain health and served in a sanitary manner. There is no requirement that food be appetizing. *Jones v. Beard*, No. 10-5544, 2011 WL 3611470, at *8 (E.D. Pa. Aug. 16, 2011) (citing *Maldonado v. McFaden*, No. 94-1477, 1994 U.S. Dist. LEXIS 16837, at *11 (E.D. Pa. Nov. 23, 1994)).

A diet consisting of nutri-loaf is not in itself cruel and unusual punishment. *See Id.* (citations omitted); *Gannaway v. Berks Cnty. Prison,* No. 09-4501, 2011 WL 1196905, at *4-5 (E.D. Pa. Mar. 31, 2011), *aff'd*, 439 F. App'x 86, 88-89 (3d Cir. 2011); *Maldonado*, 1994 U.S. Dist. LEXIS 16837, at *11; *Collins v. Klotz*, No. 92-3772, 1994 WL 371479, at

*4 (E.D. Pa. June 24, 1994).[5]  In *Gannaway*, like Mestre, the inmate was placed on a restricted diet consisting of nutri-loaf three times a day, five days a week.  2011 WL 1196905, at *4.  Although the inmate alleged that he did not eat much of the nutri-loaf because it made him nauseous, he never claimed that his health was immediately or seriously endangered.  Nor did he alert the medical department of any health problems.  *Id.* at *5.  Stressing that the inmate suffered no serious ill effects from the diet and made no allegations that the diet was nutritionally inadequate, the court found that serving nutri-loaf to a prisoner was not cruel and unusual punishment because it did not deprive him of his basic needs.  *Id.* at *4-5.

"'A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment.'"  *Kennedy v. Drumm*, No. 09-3924, 2010 WL 3824072, at *10 (D.N.J. Sept. 23, 2010) (quoting *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002)).  However, whether weight loss constitutes an immediate danger to an inmate's health depends on the context.  *Taskonas v. Cicchi*, 308 F. App'x 628, 631-32 (3d Cir. 2009) (holding that twenty-four pound weight loss in two months, along with a list of other medical conditions, was not an immediate danger to a prisoner's health when the inmate did not complain of the conditions at their occurrence and the conditions did not lead to concerns of long term health effects); *Wilson v. Dragvoich*, No. 96-2635, 1997 WL 799431, at *4 (E.D. Pa. Dec. 31, 1997) (holding that weight loss does

---

[5] These holdings comport with courts in other circuits that have considered the issue.  *Gates v. Huibregtse*, 69 F. App'x 326, 327-28 (7th Cir. 2003); *LeMaire v. Maass*, 12 F.3d 1444, 1455-56 (9th Cir. 1993); *Adams v. Kincheloe*, 743 F. Supp. 1385 (E.D. Wash. 1990).

not amount to a Constitutional violation when prisoner is within normal weight range for his age and height).

Here, Mestre alleges he lost twenty-five pounds while on the nutri-loaf diet. He does not allege he suffered any serious health effects or that he made any complaints to the medical department. Because Mestre has not alleged that the nutri-loaf diet posed a serious risk to his health nor any facts from which an inference could be drawn that it did, he has not stated a sufficiently serious deprivation.

Even if the nutri-loaf diet did constitute a sufficiently serious deprivation, Mestre fails to allege Wagner's culpability. Nothing in the complaint tends to show that Wagner "knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm." *Beers-Capitol*, 256 F.3d at 132. A prison official's participation in the grievance process alone does not expose him to individual liability for the conduct underlying the prisoner's grievance. *Collins v. Williams*, 575 F. Supp. 2d 610, 615 (D. Del. 2008) (citing cases).

Likewise, denying a prisoner a mattress for limited time periods is not a deprivation of a minimal standard of living and does not constitute a cruel and unusual punishment. *See, e.g., Williams v. Campbell*, No. 07-885, 2008 WL 2816089, at *4 (E.D. Pa. July 18, 2008) ("[N]umerous courts in this circuit have concluded that the failure to provide an inmate with a mattress for a limited number of days does not constitute cruel and unusual punishment.") (citing *Schaeffer v. Schamp*, No. 06-1516, 2008 WL 2553474, at *6 (W.D. Pa. June 25, 2008); *Castro v. Chesney*, No. 97-4983, 1998 WL 767467, at *8 (E.D. Pa. Nov. 3, 1998); *Collins v. Klotz*, 1994 WL 371479, at *5. The removal of a mattress or bedding supplies for short periods of time "is not sufficient to constitute 'wanton and

unnecessary infliction of pain.'" *Castro*, 1998 WL 767467, at *8 (quoting *Rhodes*, 452 U.S. at 347).

In *Gannaway*, the inmate's mattress was removed from his cell for sixteen hours during the day. 2011 WL 1196905, at *6. Judge Robreno held that taking an inmate's mattress away during daytime hours is not cruel and unusual punishment if the inmate is given a mattress for an adequate number of hours at night to sleep. *Id.* We agree.

Here, the mattress restriction does not amount to a sufficiently serious deprivation of life's necessities. Mestre was provided a mattress for nine hours each night. The denial of a mattress during daytime hours did not immediately threaten his health. Thus, it is not actionable under the Eighth Amendment. *Collins v. Klotz*, 1994 WL 371479, at *6.

*Fourteenth Amendment*

Because one may not be punished prior to conviction and sentencing, the Due Process Clause prohibits prison officials from imposing conditions that amount to punishment of a pretrial detainee. *Hubbard I*, 399 F.3d at 158. Pretrial detainees are afforded greater constitutional protection under the Fourteenth Amendment than that provided to convicted prisoners under the Eighth Amendment. *Id.* at 167 n.23 (citation omitted). Thus, we shall analyze Mestre's claim as if he were a pretrial detainee.

In determining whether a pretrial condition rises to the level of punishment, we examine whether it is imposed for the purpose of punishment or is "an incident of some other legitimate governmental purpose." *Id.* at 158 (quoting *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979)). Undoubtedly, there will rarely be an expressed intent to punish. Consequently, we must consider whether the condition is reasonably related to a legitimate government purpose and whether it is excessive in relation to that purpose. *Hubbard v.*

*Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) ("*Hubbard II*") (quoting *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983))*.*

Given this framework, we engage in a two-step inquiry to determine whether a pretrial detainee's confinement conditions violate his substantive due process rights. *Union Cnty. Jail Inmates*, 713 F.2d at 982 (citing *Bell*, 441 U.S. at 542). First, we ask whether the conditions serve any legitimate purpose.[6] *Hubbard II*, 538 F.3d at 232 (quoting *Union Cnty. Jail Inmates*, 713 F.2d at 992). Second, if so, we determine whether the conditions are rationally related to that purpose. *Id.* (quoting *Union Cnty. Jail Inmates*, 713 F.2d at 992).

The prison's interest in maintaining security is "substantial." *Stevenson v. Carroll*, 495 F.3d 62, 70 (3d Cir. 2007) (quoting *Bell*, 441 U.S. at 540). Prison officials are entitled to "wide-ranging deference" in implementing policies designed to "preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547. However, if prison officials implement measures in the name of security that are not rationally related to, or are excessive in light of that purpose, the measures constitute "punishment" in violation of the Due Process Clause. *Stevenson*, 495 F.3d at 67 (citation omitted).

The prohibition on punishing pretrial detainees does not apply when the detainee violates prison rules. Instead, prisons may, with certain procedural protections, impose sanctions against pretrial detainees for breaking such rules. *See Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999); *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996); *Collazo-Leon v. U.S. Bureau of Prisons*, 51 F.3d 315, 318 (1st Cir. 1995). In a case such as this where the pretrial detainee complains of conditions imposed after he violated a

---

[6] If the condition has no valid purpose related to managing and maintaining order and security, one may infer that it was intended as punishment.

prison rule, we must still apply the two-step analysis to determine whether the disciplinary conditions amounted to an unconstitutional punishment.

Enforcing rules and regulations is necessary to maintaining order and security. Likewise, disciplining those who violate the rules is a corollary necessity. Prison officials must be able to discipline disruptive or violent inmates, whether they be pretrial detainees or sentenced prisoners. If the condition has no valid purpose related to managing and maintaining order and security, one may infer that it was intended as punishment.

The discipline must have limits. It may be no more than is necessary to accomplish the purpose of maintaining order and security in the facility. Here, the alleged discipline resulted in conditions that amounted to inconvenience, not an unconstitutional punishment. Indeed, one could hardly characterize them as harsh.

Mestre has not alleged that the defendant had any intent to punish him beyond discipline. He has not challenged the imposition of discipline as unwarranted. The facts he alleged do not make out a claim that the discipline was excessive. Nor does he allege that Wagner was not acting for any purpose other than to maintain order and security. In short, he has not averred that the disciplinary conditions amount to punishment.

Mestre has not alleged that Wagner had the express intent to punish him. Nor has he averred that the mattress and dietary restrictions were excessive in light of the prison's interest in maintaining security. The absence of such allegations is fatal to a substantive due process claim. *Contant v. Sabol*, 431 F. App'x 177, 179 (3d Cir. 2011). Moreover, Mestre acknowledges in his complaint that the measures he challenges were implemented "for security reasons."

Mestre admits that he was placed in restrictive housing after he attempted suicide. It is reasonable for the prison to have considered him a security risk to himself and possibly others. Mestre may disagree that the dietary and mattress restrictions were necessary to protect him from himself and other detainees, but "[s]uch considerations are peculiarly within the province and professional expertise of corrections officials." *Bell*, 441 U.S. at 547-48 (quoting *Pell v. Procunier*, 417 U.S. 817, 827 (1974)). In light of Mestre's acknowledgment that the challenged measures were implemented for security purposes and in the absence of any allegations that prison officials "exaggerated their response to these considerations," he has not and cannot by amendment to his complaint make out a Fourteenth Amendment conditions of confinement claim. *Id.* at 540 n.23 (quoting *Pell*, 417 U.S. at 827); *see also Mollett v. Leith*, No. 09-1192, 2011 WL 5407359, at *9 (W.D. Pa. Nov. 8, 2011) (holding pretrial detainee failed to state a substantive due process claim when he was placed in restrictive housing in response to a potential security risk).

## Conclusion

Neither the nutri-loaf diet nor the mattress restriction amounts to cruel and unusual punishment or a deprivation of Mestre's substantive due process rights. Therefore, because he has not alleged a constitutional violation giving rise to a § 1983 cause of action, the motion to dismiss will be granted.[7]

---

[7] Because amendment would be futile, leave to amend the complaint will not be granted.